UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NEW YORK LIFE INSURANCE
COMPANY,

    Plaintiff,

V.

MASSIEL ORTIZ and JULIA KLAH,

    Defendants.

C.A. No. 14-074/S

**PLAINTIFF NEW YORK LIFE INSURANCE COMPANY'S
RESPONSE TO DEFENDANT MASSIEL ORTIZ'S COUNTERCLAIMS**

Plaintiff, New York Life Insurance Company ("New York Life") responds to the allegations of Defendant Massiel Ortiz's counterclaims as follows:

FIRST DEFENSE

1.    Admits paragraphs 1 and 10.

2.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 2, 16, 17 and 21.

3.    Answering the allegations of paragraph 3, alleges that New York Life issued the Policy to Mr. Kaydea with an issue date of November 30, 2012. Exhibit A appears to be a copy of the Policy. Except as so alleged, denies the remaining allegations of that paragraph.

4.    Answering the allegations of paragraph 4, alleges that the Policy was in effect at the time of Mr. Kaydea's death. Except as so alleged, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

5.    Answering the allegations of paragraphs 5-7 and 26, alleges that the terms of the Policy speak for themselves and require no further comment or characterization by New York Life. Except as so alleged, denies the remaining allegations of those paragraphs.

6. Paragraphs 8, 9, 11 and 19 state conclusions of law for which no response is required. To the extent the Court may otherwise construe those paragraphs, they are denied.

7. Answering the allegations of paragraph 12, alleges that New York Life has acknowledged that Massiel Ortiz is the named primary beneficiary under the Policy. Except as so alleged, denies the remaining allegations of that paragraph.

8. Answering the allegations of paragraph 13, alleges that New York Life received a Claim Form purportedly signed by Ms. Ortiz on April 29, 2013. Except as so alleged, denies the remaining allegations of that paragraph.

9. Answering the allegations of paragraphs 14 and 24, alleges that New York Life, as stated in the Complaint, stands ready, willing and able to pay the Death Benefit under the Policy into the Registry of the Court or as this Court may otherwise direct. Except as so alleged, denies the remaining allegations of those paragraphs.

10. Answering the allegations of paragraph 15, alleges that because Mr. Kaydea died within two years of the Policy being issued, New York Life conducted a routine contestability investigation. Except as so alleged, denies the remaining allegations of that paragraph.

11. Denies paragraphs 18, 20, 28, 31, 33, 34, 36, 37, 39 and 40-56.

12. Answering the allegations of paragraphs 22 and 23, alleges that the terms of the January 8, 2014 letter speak for themselves and require no further comment or characterization by New York Life. Except as so alleged, denies the remaining allegations of those paragraphs.

13. Answering the allegations of paragraph 25, alleges that New York Life on February 7, 2014 filed its Complaint in this action, the terms of which speak for themselves and require no further comment or characterization by New York Life. Except as so alleged, denies the remaining allegations of that paragraph.

{W4122692.1}

2

14. Answering the allegations of paragraph 27, New York Life acknowledges that Ms. Ortiz is designated as the primary beneficiary in the Policy. Except as so alleged, denies the remaining allegations of that paragraph.

15. Answering the allegations of paragraphs 29, 30 and 32, alleges that the terms of the Complaint speak for themselves and require no further comment or characterization by New York Life. Except as so alleged, denies the remaining allegations of those paragraphs.

16. Paragraphs 35 and 38 state conclusions of law for which no response is required. To the extent the Court may otherwise construe those paragraphs, they are admitted.

## SECOND DEFENSE

17. Ms. Ortiz's counterclaims fail to state a claim upon which relief may be granted.

## THIRD DEFENSE

18. Payment of the Death Benefit under the Policy to Ms. Ortiz may be barred by operation of law.

## FOURTH DEFENSE

19. New York Life acted reasonably and in good faith by instituting this action for interpleader relief.

WHEREFORE, New York Life Insurance Company demands judgment dismissing the Defendant Massiel Ortiz's counterclaims with prejudice plus costs, fees and such further relief as the Court may deem appropriate.

                                                         Respectfully submitted,

                                                         */s/ Brooks R. Magratten*
                                                         Brooks R. Magratten, Esq. (#3585)
                                                         Nicholas P. Brown, Esq. (#8510)
                                                         PIERCE ATWOOD LLP
                                                         72 Pine Street
                                                         Providence, RI 02903
                                                         (401) 588- 5113 Tel
                                                         (401) 588- 5166 Fax
                                                         bmagratten@pierceatwood.com
                                                         nbrown@pierceatwood.com

                                                         *Attorneys for Defendant*
                                                         *New York Life Insurance Company*

Date:  February 27, 2014

## CERTIFICATE OF SERVICE

     I certify that the within document was electronically filed with the clerk of the court on February 27, 2014, and that it is available for viewing and downloading from the Court's ECF system.  Service by electronic means has been effectuated on all counsel of record.

     Service has been made on the following by first class mail, postage prepaid:

Richard Corley, Esq.
623 Post Road
Warwick, RI  02888

                                                         */s/ Brooks R. Magratten*