UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

NEW YORK LIFE INSURANCE COMPANY,

    Plaintiff,

V.                                                   C.A. No. 14-74S

MASIELL ORTIZ and JULIA KLAH,

    Defendants.

## ANSWER AND CROSS-CLAIM OF DEFENDANT JULIA KLAH

Julia Klah hereby responds to the numbered paragraphs of plaintiff's complaint as follows:

1. Julia Klah is without knowledge to respond to the truth of the allegation and therefore denies the same.
2. Admitted
3. Admitted
4. This paragraph contains conclusions of law to which no response is required. To the extent that a response is necessary, Julia Klah denies the allegations.
5. Admitted
6. Admitted
7. Julia Klah does not know if her son was a resident of Cranston or Providence at the time of his death. She admits she was a resident of Rhode Island in the balance of the paragraph she admits.
8. Admitted
9. Admitted
10. Admitted
11. Admitted
12. Admitted
13. Admitted
14. Admitted

15. Admitted

16. Admitted

17. Admitted

18. Admitted

19. Admitted

20. Admitted

21. Admitted

22. Admitted

23. Admitted

24. Admitted

25. Julia Klah adopts her previous answers above.

26. Admitted

27. Admitted

28. Admitted

29. Admitted

30. Admitted

31. Julia Klah is without knowledge to admit or deny this paragraph.

32. Julia Klah adopts her previous answers above.

33. Denied

## CROSS-CLAIM

Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Julia Klah files this cross-claim against Masiell Ortiz.

1. Upon information and belief the defendant – in – cross-claim, Masiell Ortiz is an individual residing in the City of Providence, County of Providence, and State of Rhode Island.

2. The plaintiff in the cross-claim is Julia Klah a citizen and resident of the state of Pennsylvania.

3. New York Life Insurance Company ("New York Life") is a New York Insurance company authorized to do business in Rhode Island, and is subject to laws, rules and regulations applicable to life insurance companies selling insurance in Rhode Island.

4. On November 28, 2012, New York Life issued a life insurance policy to Gandy S. Kaydea a resident of Rhode Island on the date of the issuance of the policy.

5. Life insurance premiums were paid for and the policy was in full force and effect from November 28, 2012 until May 20, 2013.

6. On May 20, 2013 the owner of the policy Gandy S. Kaydea was murdered and his body was found in a cemetery in Cranston where he had been burned.

7. The manner of death was listed as a homicide on the death certificate. The cause of death as listed on the death certificate states "ligature strangulation".

8. The life insurance policy issued three months before the murder was in full force and effect at the time of the murder.

9. The life insurance policy application in section G lists the "Primary Insured's Beneficiary".

10. The hand written response to section G was written as follows:

    1 Masiell Ortiz        (DOB) _/_/91            Intended spouse  100%

    2 Julia Klah                                   Mother           100%.

11. The application was signed by "Gandy Kaydea" at "Cranston, Rhode Island," on "11/28/12" and witnessed and signed by an unknown "agent/witness".

12. Following the murder of Gandy Kaydea which was committed 3 ½ months after the application for the life insurance policy, Masiell Ortiz filed a Claim Form with New York Life dated April 29, 2013.

13. In the complaint filed by New York Life, in paragraphs 25 – 31 the Plaintiff states the reasons it is relying upon in failing to immediately pay the claim filed by Masiell Ortiz.

14. As a result of the manner of death being a homicide, New York Life has investigated to determine if the Cranston Police Department has been able to rule out anyone as a suspect to the homicide. The answer New York Life received from the Cranston Police Department was that the police "have been unable to rule out anyone as the perpetrator of the crime."

15. The Rhode Island "Slayer" statute, RIGL sec. 33-1.1-11 prohibits the insurance company from paying any life insurance proceeds to any beneficiary who has caused or otherwise contributed to the death of the insured.

16. Upon information and belief, the Plaintiff avers that the Cranston Police Department have investigated and taken statements from members of the Ortiz family concerning the murder of Gandy Kaydea. Apparently, the investigation is ongoing.

17. The Cranston Police Department has been unable to rule out anyone including but not limited to Masiell Ortiz as a suspect in the murder of Gandy Kaydea.

18. Upon information and belief, the Plaintiff asserts that the Cranston Police Department has identified Reuben Ortiz, the uncle of Masiell Ortiz as one of the last people to be in the company of Gandy Kaydea on May 20, 2013 before he was murdered.

19. As a result of all of the information noted above the plaintiff is seeking an evidentiary determination of the applicability of RIGL section 33 – 1.1 – 11 concerning the life insurance proceeds of the New York Life insurance policy.

20. Julia Klah asserts she can prove that the provisions of RIGL section 33-1.1-11 do not apply to her claim for the life insurance proceeds as a beneficiary and is seeking that the life insurance proceeds should be directly paid to her which she intends to hold in trust for her granddaughter, Milan Eva Ortiz, the child of Gandy Kaydea and Masiell Ortiz. Milan Eva Ortiz is approximately 21 months old.

Julia Klah is seeking to be determined the sole legal beneficiary to the New York Life insurance policy of her son Gandy Kaydea who was murdered on May 20, 2013.

Respectfully Submitted,

/s/ Richard K. Corley, Esq. #2965
CORLEY & ASSOCIATES
623 Post Road
Warwick, RI 02886
401.272.1700
401.461.1569 (fax)

## CERTIFICATION

I certify that the within document was electronically filed with the Clerk of Court on March 18, 2014, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

/s/ Richard K. Corley, Esq. #2965