UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NEW YORK LIFE INSURANCE  :
COMPANY,                 :
    Plaintiff           :
V.                       :   C.A. NO. 14-74S
MASSIEL ORTIZ and JULIA KLAH :
    Defendants          :

**MASSIEL ORTIZ' RULE 16(b) SCHEDULING CONFERENCE STATEMENT**

Pursuant to the Court's Rule 16(b) Scheduling Conference Notice, defendant Massiel Ortiz submits the following Pre-Conference Statement.

**1.**   **Summary of Facts:**

On November 28, 2012, New York Life Insurance Company (hereinafter "New York Life") issued a life insurance policy to Gandy S. Kaydea. The policy names defendant Massiel Ortiz, the mother of Mr. Kaydea's child, as the "first beneficiary" of the life insurance policy, with "100%" of the policy proceeds payable to Ms. Ortiz in the event of Mr. Kaydea's death. The policy names Julia Klah, Mr. Kaydea's mother, as a "second beneficiary" with a 100% share of benefits. The policy states that "[i]f more than one beneficiary is named, they can be classed as first, second, and so on…. The stated shares will be paid to any first beneficiaries who survive the Insured."

Mr. Kaydea died more than a year ago, on March 20, 2013, the victim of a homicide. Ms. Ortiz filed a claim for payment of the policy benefits in April of 2013. New York Life failed and refused to pay Ms. Ortiz the benefits due her as the first 100% beneficiary under the policy. Initially, and continuing over a period of many months, New York Life informed Ms. Ortiz that it would require Mr. Kaydea's "medical records" before paying her the benefits to which she was entitled, since the policy was in the "contestability period." Ms. Ortiz hired legal

NEW YORK LIFE INSURANCE COMPANY
v.
MASSIEL ORTIZ and JULIA KLAH

CA NO. 14-74S

counsel to assist her in obtaining Mr. Kaydea's medical records. However, because Ms. Ortiz was not legally married to Mr. Kaydea at the time of his death, it proved extremely difficult, expensive, and ultimately impossible, for her to obtain the medical records demanded by New York Life. Ms. Ortiz eventually retained new counsel who, in a January 8, 2014 letter, pointed out that under R.I.G.L. § 27-4-10, Mr. Kaydea's medical records were irrelevant to contestability. At that point, New York Life, almost a year after Mr. Kaydea's death, completely changed its reason(s) for not paying the death benefit to Ms. Ortiz.

On February 7, 2014, New York Life brought the within action claiming - for the first time - confusion over whether it should pay the policy benefits to Ms. Ortiz, the first beneficiary, or to Mrs. Klah, the second beneficiary. New York Life also claims that because Mr. Kaydea was the victim of an unsolved homicide and "because the authorities have been unable to rule out anyone as the perpetrator of the crime" it is unable to pay the death benefit to Ms. Ortiz without violating the "Slayer Statute", R.I. Gen. Law §33-1.1-11. It is important to note that Ms. Ortiz has not been charged, nor has she been identified as a suspect, in connection with Mr. Kaydea's murder, nor has New York Life alleged that Ms. Ortiz is barred from recovery under the Slayer Statute.

2. **Identification of Legal Issues**:

  A. Is the First Beneficiary under the life insurance policy entitled to death benefits under the plain and ordinary meaning of the contract of insurance?

NEW YORK LIFE INSURANCE COMPANY
                v.
MASSIEL ORTIZ and JULIA KLAH

CA NO. 14-74S

      B.      Does the Slayer Statute, R.I.G.L. § 33-1.1-11, permit New York Life to deny Ms. Ortiz her benefits unless and until the authorities arrest and convict someone other than Ms. Ortiz in Mr. Kaydea's death?

      C.      Did New York Life engage in bad faith settlement practices by refusing to pay Ms. Ortiz benefits for over one (1) year, citing shifting and changing theories as to why it could not perform its contractual duties?

                                    Respectfully submitted,

                                    Massiel Ortiz
                                    By her attorneys,

                                    **/s/ Stephen A. Rodio**
                                    **/s/ Michelle L. Felix**

                                    Stephen A. Rodio (#3245)
                                    Michelle L. Felix (#5787)
                                    **RODIO & BROWN, LTD.**
                                    2139 Broad Street
                                    Cranston, RI   02905
                                    Tel:    (401) 274-4040
                                    Fax:    (401) 274-4099
Dated:  April 2, 2014               email:  srodio@rodiobrown.com

## CERTIFICATION

      I certify that the within document was electronically filed with the Clerk of Court on the 2nd day of April 2014, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

                                              /s/ Michelle L. Felix (#5787)