UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>MASSIEL ORTIZ and JULIA KLAH,<br><br>    Defendants. | CIVIL ACTION NO. 14-0074/S |

## **PLAINTIFF'S RULE 16 CONFERENCE STATEMENT**

Plaintiff, New York Life Insurance Company ("New York Life"), brings this action for interpleader relief pursuant to Federal Rule of Civil Procedure 22, 28 U.S.C. §1335 and 29 U.S.C. § 1132(a)(3) to require the Defendants to interplead, or settle amongst themselves, their rights to a $250,000.00 Death Benefit under Policy No. 23366398 (the "Policy") arising from the death of Gandy S. Kaydea.

Mr. Kaydea died on March 20, 2013. He was then a twenty-three year old resident of Cranston, Rhode Island. On information and belief, Mr. Kaydea is survived by his only child, Milan Ortiz, and his mother, the defendant Julia Klah. The mother of Milan Ortiz is Mr. Kaydea's girlfriend, the defendant Massiel Ortiz.

On or about November 28, 2012, Mr. Kaydea purportedly signed an Individual Life Insurance Application seeking term life insurance on his own life in the amount of $250,000. The Application was submitted to New York Life.

The Application lists two individuals as named beneficiaries. The first named beneficiary is "Massiel Ortiz" who is described as Mr. Kaydea's "intended spouse." The Application indicates that Ms. Ortiz is to receive a 100% share of the Death Benefit. The second

named beneficiary is "Julia Klah" who is described as Mr. Kaydea's mother. The Application indicates the Ms. Klah is to receive a 100% share of the Death Benefit as the secondary beneficiary.

New York Life accepted the application; the Policy was in effect at the time of Mr. Kaydea's death. On or about March 20, 2013, Mr. Kaydea was reportedly murdered and his body burned in a Cranston, Rhode Island cemetery. The cause of Mr. Kaydea's death was determined to be strangulation by ligature.

Authorities continue to investigate the circumstances of Mr. Kaydea's death and reportedly have yet to rule out anyone as the perpetrator of the crime. A Cranston, Rhode Island police officer specifically advised New York Life that "the family members and beneficiary are listed as people of interest in this case."

Following Mr. Kaydea's death, New York Life received a Claim Form from Massiel Ortiz dated April 29, 2013 seeking the Death Benefit as the named beneficiary under the Policy. Due to the circumstances surrounding Mr. Kaydea's death, the ongoing investigation by authorities, and the fact that Mr. Kaydea's death occurred during the Policy's two-year contestability period, New York Life has not yet paid the Death Benefit under the Policy.

Ms. Ortiz has retained Attorney Stephen A. Rodio, Esq. to recover the Death Benefit under the Policy. By letter dated January 8, 2014, Attorney Rodio made a demand to New York Life for payment. Ms. Klah believes that she is entitled to the Death Benefit. Ms. Klah retained Attorney Richard A. Corley.

New York Life on February 7, 2014 commenced this action for interpleader relief. It seeks 1) leave to deposit the Net Death Benefit in dispute into the Registry of the Court; 2) an order requiring the adverse beneficiaries to settle or litigate claims to the Net Death Benefit between themselves and; 3) an award of attorney's fees.

The beneficiary Ms. Ortiz has answered the Interpleader Complaint and asserted counterclaims for breach of contract, breach of "obligation of good faith and fair dealing", negligence, "misrepresentation/omission", "Bad Faith Claims Settlement Practices", "Unfair or Deceptive Consumer Practices", and attorney's fees under G.L.R.I. §9-1-45.  The beneficiary Ms. Klah has answered the Interpleader Complaint (in which she affirmed her claim to the Net Death Benefit) and cross-claimed against Ms. Ortiz.  Ms. Ortiz on March 24, 2014 moved to dismiss the cross-claim.

New York Life intends shortly to move for leave to deposit the Net Death Benefit into the Registry of the Court and for summary judgment dismissing Ms. Ortiz's counterclaims.

*/s/ Brooks Magratten*

Brooks R. Magratten, Esq. (#3585)
Nicholas P. Brown, Esq. (#8510)
PIERCE ATWOOD LLP
72 Pine Street
Providence, RI 02903
(401) 588- 5113 Tel.
(401) 588- 5166 Fax
bmagratten@pierceatwood.com
nbrown@pierceatwood.com

*Attorneys for Defendant*
*New York Life Insurance Company*

Date:  April 4, 2014

## CERTIFICATE OF SERVICE

I certify that the within document was electronically filed with the clerk of the court on April 4, 2014, and that it is available for viewing and downloading from the Court's ECF system.  Service by electronic means has been effectuated on all counsel of record.

*/s/ Brooks R. Magratten*