UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>V.<br><br>MASSIEL ORTIZ and JULIA KLAH,<br><br>    Defendants. | C.A. No. 14-074/S |

## LR 56 STATEMENT OF UNDISPUTED FACTS

Pursuant to LR 56(a) the Plaintiff New York Life Insurance Company ("New York Life") submits the following Statement of Undisputed Facts in support of its Motion for Summary Judgment dismissing the Defendant Massiel Ortiz's counterclaims.

1. Mr. Kaydea signed an application for a life insurance policy on or about November 28, 2012. Navin Affidavit, Exhibit A at 0016.

2. New York Life approved the application and issued policy no. 23366398 with a $250,000 Base Policy Face Amount and beneficiaries Mr. Kaydea designated:

    First      - Massiel Ortiz – Intended Spouse – 100%
    Second  - Julia Klah – Mother – 100%

Answer & Counterclaim of Massiel Ortiz, Exhibit A.

3. The Policy provides, in part: "we will pay the life insurance proceeds to the beneficiary promptly when we have due proof that the Insured died on or after the Effective Date of this policy, subject to all of this policy's provisions." Id. at 4.

4. According to a death certificate, Shad G. Kaydea, Jr. (a/k/a Gandy S. Kaydea) was born in Liberia on April 7, 1990. He was never married. Navin Affidavit, Exhibit A

at 0051.

5. According to an investigative report obtained by New York Life:

Twenty-two-year-old Gandy Kaydea of Providence was found burning in the Pocasset Cemetery in Cranston, RI on 3/20/2013. Firefighters originally responded for a report of a small brush fire near the cemetery entrance. Instead they stumbled upon a body that was engulfed in flames. Officials with the medical examiner's office told The Providence Journal that Kaydea died from ligature strangulation before his body was set afire. No one has been arrested in connection with the killing. Cranston police believe Kaydea's death was gang-related and the investigation is ongoing. Kaydea was working on getting his GED and was a rapper known as "Young Shad" who was followed by thousands of people on Twitter and YouTube.

Id. at 0138.

6. Police on April 11, 2013 called and questioned a New York Life sales agent regarding the Policy. Id. at 0123.

7. New York Life received on April 12, 2013 an "Administrative Subpoena" from the Cranston, Rhode Island Police Department requesting any and all documents/data/ information pertaining to any and all policies taken out or maintained in the name of the insured, Mr. Kaydea. Id. at 0194-95.

8. The Defendant Massiel Ortiz submitted a claim form to New York Life dated April 29, 2013. Id. at 0049-50.

9. Because Mr. Kaydea died within the first two years of coverage, New York Life conducted a routine investigation into the representations on the application as well as the circumstances of Mr. Kaydea's death. Id. at 0081.

10. New York Life wrote Ms. Ortiz a May 2, 2013 letter explaining that it was conducting a contestability investigation, which would include obtaining medical records, and that investigators would be contacting her. Id. at 0135.

11. Following a May 3, 2013 telephone conversation between a New York Life representative and Cranston Police case detective, the representative wrote: "the homicide is an open active investigation. At this time they cannot rule anyone out. They would not discuss any other details." Id. at 0122.

12. A further investigative report obtained by New York Life stated:

On 05/07 the [Cranston Police] records department stated they are unable to release the report at this time. They referred us to Captain Carmody to approve a release of report or information on the case.

The Captain referred us to Detective John Cardone / Detective Lindsey at 401-477-5047. Contact was made with Detective Lindsey and he stated that a report will not be released on this case. He was able to confirm that the insured was not committing a felony at the time of death. It did not appear that the insured was the aggressor he was the victim in this case. At this time he was able to confirm that the family members and beneficiary are listed as people of interest in this case. He requested that we contact their office if New York Life decides to pay out on this policy.

Id. at 0142.

13. New York Life attempted in the following months to contact the second beneficiary, Julia Klah. A New York Life sales agent reported having a telephone conversation before September 5, 2013 with Ms. Klah in which she was angry, said "no one is going to benefit from the death of my son." Id. at 0209.

14. New York Life was informed that Ms. Klah retained a Warwick, Rhode Island lawyer Richard Corley who, in turn, retained an investigator to examine the circumstances of Mr. Kaydea's death. Id. at 0164, 0172.

15. A New York Life representative again contacted a Cranston Police case detective on September 6, 2013. The representative's file note states:

I was informed that the homicide is an open active investigation. At this time they cannot rule anyone out. They would not discuss any other details. I was referred to the Rhode Island AG's office. They would only say it is a very active investigation, and they hope to make some new developments in a month or so.

Id. at 0119.

16. Attorney Ronald Bonin wrote New York Life on or about October 3, 2013. He indicated that he represented Ms. Ortiz, intended to probate the Estate of Mr. Kaydea and have Ms. Ortiz appointed as Executrix so she could provide the necessary authorizations to permit New York Life to conduct its contestability investigation. Id. at 0073.

17. As part of its contestability investigation New York Life attempted to obtain school, pharmacy, medical and criminal records pertaining to Mr. Kaydea. Id. at 0116-17.

18. According to an October 27, 2013 Investigative Report, Providence, Rhode Island, Police reported having no records of any arrest of Mr. Kaydea. Cranston Police indicated they had a record of a March 2012 arrest of Mr. Kaydea. Cranston Police refused to release further information while its investigation of Mr. Kaydea's death remained pending. Id. at 0099-100.

19. A New York Life representative again attempted to contact Cranston Police and the Rhode Island Attorney General's Office between December 12 and 17, 2013. A December 17, 2013 claim note states:

> Received a vm from Cranston PD and I was referred to the Rhode Island AG's office for questions on this case. The AG's office had no additional information other than it's an active investigation.

Id. at 0117.

20. A New York Life representative received a telephone call from the Defendant, Ms. Ortiz, on December 31, 2013. Ms. Ortiz then informed the representative that she "was not on speaking terms with the insured for a while and that he only lived with her for about six months…" Ms. Ortiz separately reported having lived with Mr. Kaydea from January to April or May, 2012. She had a child with Mr. Kaydea. Id. at 0116, 0146.

21. Ms. Ortiz also informed New York Life in the December 31, 2013 telephone call that "she had tried to get estate papers but that did not work out, and she cannot sign any authorizations for any records." Ms. Ortiz then indicated that she was no longer employing the Moretti, Perlow and Bonin law firm. Id. at 0116.

22. New York Life received a January 8, 2014 letter from Attorney Stephen Rodio demanding, on behalf of Ms. Ortiz, payment of the Death Benefit within five business days. Id. at 0093-95.

23. Authorities in January 2014 again confirmed to New York Life that the death of Mr. Kaydea was "an active investigation no one can be ruled out at this time." Id. at 0115.

24. New York Life in January 2014 concluded its contestability investigation and determined that the Death Benefit was payable. Navin Affidavit, ¶ 30.

25. New York Life on February 7, 2014 commenced this Interpleader Action. [Dkt #1].

*/s/ Brooks R. Magratten*
Brooks R. Magratten, Esq. (#3585)
Nicholas P. Brown, Esq. (#8510)
PIERCE ATWOOD LLP
72 Pine Street
Providence, RI 02903
(401) 490-3422 Tel
(401) 588- 5166 Fax
bmagratten@pierceatwood.com
nbrown@pierceatwood.com

*Attorneys for Defendant*
*New York Life Insurance Company*

Date: May 8, 2014

## **CERTIFICATE OF SERVICE**

I certify that the within document was electronically filed with the clerk of the court on May 8, 2014, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

*/s/ Brooks R. Magratten*