UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NEW YORK LIFE INSURANCE COMPANY,

    Plaintiff,

V.

MASSIEL ORTIZ and JULIA KLAH,

    Defendants.

C.A. No. 14-074/S

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
IT'S MOTIONS FOR SUMMARY JUDGMENT
AND INTERPLEADER RELIEF**

    The Defendant Massiel Ortiz contends that Plaintiff New York Life Insurance Company is not entitled to interpleader relief because "it manufactured any 'controversy' it claims regarding entitlement to the policy proceeds."  Oritz Mem. [Dkt #22], p. 5.

    Far from being a "manufactured" controversy, it has been apparent that the secondary beneficiary, Ms. Klah, has an interest in the Death Benefit.  The sales agent, Mr. Parente, reported that Ms. Klah stated "no one will benefit from the death of her son" to him in an angry tone of voice.  SUF, ¶ 13.*  Ms. Klah later retained an attorney and an investigator to protect her interests.  SUF, ¶ 14.  And, if there were any doubt remaining as to Ms. Klah's position, on March 18, 2014 Ms. Klah filed a cross-claim against the Defendant Ortiz seeking payment of the entire Death Benefit to her alone.  See Docket #5, ¶ 20.

---

\* "SUF" refers to New York Life's Statement of Undisputed Facts [Dkt #18].

{W4316816.1}

Ms. Ortiz's papers make clear that she too is seeking payment of the entire Death Benefit to herself.  See Docket #2, Counterclaims I-VI.  New York Life has been informed that Ms. Ortiz and Ms. Klah have attempted to negotiate an agreement for the distribution of the Death benefit (see Docket #13) but those discussions, to date, apparently have been unsuccessful.

"To support an interpleader action, the adverse claims need attain only 'a minimal threshold of substantiality'" *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 895 (9th Cir. 2012).  The claim of Ms. Klah, whether it ultimately prevails or not, certainly meets "a minimal level of substantiality."

Even if there were not competing claims to the same Death Benefit, the question of whether the Slayer Statute bars a beneficiary from receiving a death benefit is an independent basis upon which to seek interpleader relief.  The Rhode Island statute does not require a conviction for its terms to take effect.  *See* G.L.R.I. § 33-1.1-1 *et seq*.

Following Mr. Kaydea's homicide, a police detective in May, 2013 informed New York Life that "the family members and beneficiary are listed as people of interest." SUF, ¶ 12.  In the following months New York Life repeatedly contacted authorities to determine the status of their investigation and to clarify the status of Ms. Ortiz.  SUF, ¶¶ 15, 18, 19, 23.  New York Life was repeatedly told "no one can be ruled out."  SUF, ¶¶ 15, 23.

Courts have found interpleader actions to have been properly commenced when the intended beneficiary is under investigation.  *See, e.g., Stonebreaker v. Pruco Life Ins. Co.*, 2011 WL 5362067 (S.D. Cal. 2011) (Interpleader proper where primary beneficiary has not been ruled out as a suspect, even when contingent beneficiaries have not made claims); *United Investors Life Ins. Co. v. Grant*, 2006 WL 2308286 (E.D. Cal. 2006) (same); *Monumental Life Ins. Co. v. Lyons-Neder*, 140 F.Supp. 2d 1265, 1273 (M.D. Ala. 2001) (life insurer faced with claim by a primary beneficiary who was a suspect in the murder of the insured "had duty to clothe its

disbursement of policy proceeds with protection of judicial determination by commencing the interpleader action.")

Ms. Ortiz next attempts to construct a defense to the interpleader claim based on "laches." Reduced to its essence, Ms. Ortiz contents New York Life had no reason to investigate this claim and should have paid the Death Benefit to her immediately. Courts, however, recognize that insurers have not only the right, but duty, to properly investigate claims and representations in the policy application when a claim falls within the contestability period. "If payment on a policy becomes due during the contestability period, the insurance company may undertake an investigation." *Ressler v. General American Life Ins. Co.*, 561 F.Supp. 2d 691, 695 (E.D. Tex. 2007). "The purpose of incontestability clauses is to allow the insurer 'a reasonable opportunity to investigate the statements made by the applicant in processing the policy' …. Investigations during the contestability period are routine." *American General Life Ins. Co. v. Broughton*, 2008 WL 4977402, *4 (D. Idaho June 3, 2008) (internal citations omitted).

Faced with the claim under the policy in question arising from the death of Mr. Kaydea, New York Life availed itself of its right and duty to investigate the circumstances of Mr. Kaydea's death and the representations in the Policy application. *See* SUF, ¶¶ 9-24. New York Life made repeated and timely attempts to obtain relevant information about Mr. Kaydea and his death. SUF, ¶¶ 10-21. The undisputed facts do not support a defense of laches.

Ms. Ortiz is correct that interpleader relief generally does not shield the stakeholder from liability arising independently of the stake at issue. However an examination of Ms. Ortiz's counterclaims shows that each one concerns the stake at issue. The core allegation of each counterclaim is New York Life's allegedly wrongful failure to pay the Death Benefit to her, immediately and alone. These are precisely the claims, under *Prudential Ins. Co. v. Hovis*, 553 F.3d 258 (3rd Cir. 2009), that cannot stand against a valid complaint for interpleader relief.

Ms. Ortiz also faults New York Life for investigating the claim for ten months before commencing this interpleader action. Citing *United Invest. Life Ins. Co. v. Grant*, 2006 WL 1282618, *7 (E.D. Cal. May 9, 2006), she contends that an unreasonable delay in the investigation of the claim supports counterclaims for breach of contract and the implied covenant of good faith and fair dealing. The *Grant* case, however, does not involve a claim made within the contestability period of the policy. As discussed in p. 3 *supra*, New York Life has the right and duty in these circumstances to investigate not only the claim but representations in the application to the Policy.

Ms. Ortiz's contention with respect to interest payable on the Death Benefit reveals her confusion over the terms of the Interstate Compact. She cites Article XVI (b) for the proposition that "commission rules, standards and requirements apply to the 'context, approval, and certification' of products approved by the commission." Ortiz Mem. [Dkt #22], p.12 (emphasis added). Ms. Ortiz misquotes the key provision. Article XVI (b) provides that commission rules, standards and requirements…" shall constitute the exclusive provisions applicable to the content, approval and certification of such products." (Emphasis added). In other words, it is the commission's approved policy form, not G.L.R.I. §27-4-26, that governs interest payable on the Death Benefit at issue. Additionally because of the inability, based on the claims submitted, to determine the appropriate payee and because "legal impediments to payment" have not been removed, Ms. Ortiz's claim for "additional interest" cannot stand.

Ms. Ortiz contests New York Life's claim to recover its attorneys' fees alleging, abstractly, that New York Life acted in bad faith. In these circumstances where 1) the insured was murdered within the contestability period; 2) authorities identified the primary beneficiary as "a person of interest"; 3) authorities report as recently as January, 2014 that "no one can be ruled out"; and 4) there are competing claims asserted by the primary and secondary beneficiaries to

{W4316816.1}                                         4

the same Death Benefit, New York did not act unreasonably undertaking an investigation of the representations in the policy application and the circumstances of the insured's death and ultimately, commencing this interpleader action.  Ms. Ortiz has mounted no meritorious objection to New York Life's claim for fees.  For the reasons stated in New York Life' principal memorandum, its claim to recover fees from the Death Benefit should be granted.

Finally, Ms. Ortiz contends that New York Life should not be dismissed from further proceedings in order for her to prosecute her counterclaims.  As discussed, Ms. Ortiz's counterclaims each center on New York Life's allegedly improper failure to pay the Death Benefit to her immediately and to her alone.  These counterclaims are inconsistent with interpleader relief and cannot stand.  *Hovis*.  In sum, Ms. Ortiz has failed to articulate any good reason for New York Life to remain in this action after the net Death Benefit is deposited into the Registry of the Court.

For the above reasons, New York Life's Motions for Summary Judgment and For Interpleader Relief  should be granted.

          */s/ Brooks R. Magratten*
          Brooks R. Magratten, Esq. (#3585)
          Nicholas P. Brown, Esq. (#8510)
          PIERCE ATWOOD LLP
          72 Pine Street
          Providence, RI 02903
          (401) 490-3422 Tel
          (401) 588- 5166 Fax
          bmagratten@pierceatwood.com
          nbrown@pierceatwood.com
          *Attorneys for Defendant*
          *New York Life Insurance Company*

Date:  June 20, 2014

## **CERTIFICATE OF SERVICE**

      I certify that the within document was electronically filed with the clerk of the court on June 20, 2014, and that it is available for viewing and downloading from the Court's ECF system.  Service by electronic means has been effectuated on all counsel of record.

                                  */s/ Brooks R. Magratten*