UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    V.<br><br>MASSIEL ORTIZ and JULIA KLAH,<br><br>    Defendants. | C.A. No. 14-074/S |

**PLAINTIFF NEW YORK LIFE INSURANCE COMPANY'S
OBJECTION TO DEFENDANT MASSIEL ORTIZ'S MOTION TO COMPEL**

The Plaintiff New York Life Insurance Company ("New York Life") objects to the Defendant Massiel Ortiz's Motion "For In Camera Review" and to Compel Further Discovery From New York Life. New York Life submits herewith a supporting memorandum.

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq. (#3585)
Nicholas P. Brown, Esq. (#8510)
PIERCE ATWOOD LLP
72 Pine Street
Providence, RI 02903
(401) 490-3422 Tel
(401) 588- 5166 Fax
bmagratten@pierceatwood.com
nbrown@pierceatwood.com

*Attorneys for Defendant
New York Life Insurance Company*

Date:  October 16, 2014

{W4525418.1}

## CERTIFICATE OF SERVICE

     I certify that the within document was electronically filed with the clerk of the court on October 16, 2014, and that it is available for viewing and downloading from the Court's ECF system. Service by electronic means has been effectuated on all counsel of record.

                                                              */s/ Brooks R. Magratten*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NEW YORK LIFE INSURANCE
COMPANY,

    Plaintiff,

V.

MASSIEL ORTIZ and JULIA KLAH,

    Defendants.

C.A. No. 14-074/S

**MEMORANDUM IN SUPPORT OF
PLAINTIFF NEW YORK LIFE INSURANCE COMPANY'S
OBJECTION TO DEFENDANT MASSIEL ORTIZ'S MOTION TO COMPEL**

    The Plaintiff New York Life Insurance Company ("New York Life") objects to the Defendant Massiel Ortiz's Motion "For In Camera Review" and to Compel Further Discovery From New York Life.

    In this action the defendants have asserted competing claims to a death benefit under a New York Life life insurance policy insuring Mr. Gandy Kaydea. Mr. Kaydea died as a victim of a homicide on or about March 20, 2013. Investigations into Mr. Kaydea's death remain open.

    New York Life commenced this action for interpleader relief on February 7, 2014. On March 10, 2014 New York life produced its claim file to other parties as part of its Rule 26(a) initial disclosures. New York Life withheld or redacted attorney-client privileged information on approximately 16 pages out of a claim filing totaling 216 pages. New York Life identified the pages withheld or redacted on an accompanying privilege log.

    New York Life on May 8, 2014 moved for summary judgment dismissing Ms. Ortiz's counterclaims and for interpleader relief. Those motions were argued on August 1st and remain pending.

Ms. Ortiz on October 7, 2014 moved for an <u>in camera</u> review of the information redacted or withheld from New York Life's Rule 26(a) disclosures. On October 14th, the Court directed New York Life to submit the pages in question to the Court for <u>in camera</u> review. New York Life complied with that order on October 15th.

New York Life respectfully submits that each of the communications in question satisfies the elements of the attorney-client privilege and should not be produced. The elements of the privilege are well-settled under Rhode Island law:

> "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."

<u>State v. von Bulow</u>, 475 A.2d 995, 1004 (R.I. 1984) (<u>quoting</u> <u>United States v. Kelly</u>, 569 F.2d 928, 938 (5th Cir.), <u>cert</u>. <u>denied</u>, 439 U.S. 829 (1978)).

As the Court reviews the redacted information, it will see that each redaction involves either a request for legal advice to, or responses from, Robert Karmen, Carol A. DiMartini and Karen J. Lamp. Mr. Karmen is a First Vice President and Deputy General Counsel in New York Life's Office of General Counsel (often referred to in the redacted communications as "OGC"). Ms. DiMartini and Ms. Lamp both serve as Associate General Counsel. The communications in question involve Ms. Tashema Hughes (Customer Service Claims), Terence McKenna (Senior Underwriter) and Demetra Almiroudis (Corporate Vice President-Claims). In each instance, Ms. Hughes, Mr. McKenna and Ms. Almiroudis were either seeking legal advice or providing information necessary to obtain legal advice with respect to the administration of this claim.

The information in question has not been disclosed outside of New York Life. Indeed New York Life has taken care, by withholding documents from production, redacting information and providing a privilege log, to avoid any waiver of the privilege.

Weber v. Paduano, 2003 WL 16340 (S.D.N.Y. Jan. 22, 2003), cited by Ms. Ortiz, does not support her contention. Weber primarily addressed assertions by an insurer and investigation firms that communications were immune from discovery under the work product doctrine. Where the insurer raised the attorney-client privilege, the privilege was upheld, except for one instance where a document failed to satisfy the elements of the privilege. QBE Insurance Corp. v. Interstate Fire & Safety Equipment Co., Inc., 2011 WL 692982 (D. Conn. Feb. 18, 2011), is similarly a work product doctrine case. It offers no guidance with respect to the issues raised by Ms. Ortiz's motion.

For the above reasons, New York Life respectfully submits that the Defendant's motion to compel should be denied.

        */s/ Brooks R. Magratten*
        Brooks R. Magratten, Esq. (#3585)
        Nicholas P. Brown, Esq. (#8510)
        PIERCE ATWOOD LLP
        72 Pine Street
        Providence, RI 02903
        (401) 490-3422 Tel
        (401) 588- 5166 Fax
        bmagratten@pierceatwood.com
        nbrown@pierceatwood.com

        *Attorneys for Defendant*
        *New York Life Insurance Company*

Date: October 16, 2014

## **CERTIFICATE OF SERVICE**

  I certify that the within document was electronically filed with the clerk of the court on October 16, 2014, and that it is available for viewing and downloading from the Court's ECF system.  Service by electronic means has been effectuated on all counsel of record.

            */s/ Brooks R. Magratten*