UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY,     Plaintiff, | :<br>:<br>:<br>: |
| v. | :    C.A. No. 14-74S |
| MASSIEL ORTIZ and JULIA KLAH,     Defendants. | :<br>:<br>: |

### **MEMORANDUM AND ORDER**

Before the Court for determination (28 U.S.C. § 636(b)(1)(A), DRI LR Cv 72(a)) is Defendant Massiel Ortiz's Motion for *In Camera* Review and to Compel Further Discovery from Plaintiff New York Life Insurance Company ("New York Life").  ECF No. 32.  On October 14, 2014, this Court granted the motion by text order to the extent it sought *in camera* review of certain documents identified in New York Life's privilege log.  The Court has now reviewed the documents submitted by New York Life in conformance with the text order and finds that each constitutes a communication between a New York Life employee and in-house counsel for the purpose of legal advice or a communication between New York Life employees that discusses legal advice.

Ms. Ortiz, citing Weber v. Paduano, No. 02 Civ. 3392(GEL), 2003 WL 161340 (S.D.N.Y. Jan. 22, 2003), and QBE Ins. Corp. v. Interstate Fire & Safety Equip. Co., Inc., No. 3:07cv1883 (SRU), 2011 WL 692982 (D. Conn. Feb. 18, 2011), argues that the withheld documents are part of New York Life's claim investigation file in the ordinary course of business and are therefore discoverable, and that merely involving in-house counsel with a standard claim investigation does not protect communications from disclosure.  While those principles of law

have persuasive force generally, they have no bearing on whether New York Life is entitled to withhold communications based on attorney-client privilege when its employees seek legal advice.  See generally Providence Piers, LLC v. SMM New Eng., Inc., C.A. No. 12-532S, 2014 U.S. Dist. LEXIS 45026 (D.R.I. Mar. 25, 2014) (citing both Weber and QBE Ins. Corp.).  The law is clear that an insurance company's communications with its "attorney[s] for the purpose of seeking professional advice, as well as the responses by the attorney to such inquiries, are privileged communications not subject to disclosure."  Providence Piers, LLC, 2014 U.S. Dist. LEXIS 45026, at *9-10 (quoting Giammarco v. Giammarco, 959 A.2d 531, 533 (R.I. 2008)); see also Weber, 2003 WL 161340, at *9-10 (several documents properly withheld based on attorney-client privilege).  Because the withheld documents are communications with in-house counsel concerning legal advice, or between New York Life employees that reference legal advice, they are protected from disclosure by the attorney-client privilege.  Ms. Ortiz's motion is denied to the extent it seeks production of unredacted copies of documents identified in New York Life's privilege log at bates numbers 66, 67, 119, 190-191, 192-193, 196-202, 204, 205, and 208.  ECF No. 32.

So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 16, 2014