UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NEW YORK LIFE INSURANCE COMPANY | : : : | |
| Plaintiff, | : : | |
| VS. | : : | C.A. NO. S 14-074/S |
| MASSIEL ORTIZ AND JULIA KLAH | : : : | |
| Defendants. | : | |

**MOTION OF THE NATIONAL ASSOCIATION OF INSURANCE COMMISSIONERS FOR LEAVE OF COURT TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF THE OBJECTION OF PLAINTIFF, NEW YORK LIFE INSURANCE COMPANY, TO THE OCTOBER 20, 2014 REPORT AND RECOMMENDATION**

Now comes the National Association of Insurance Commissioners (the "NAIC") and respectfully requests leave of Court to file an *amicus curiae* brief in support of the Objection of Plaintiff, New York Life Insurance Company, to the October 20, 2014 Report and Recommendation in the above-captioned matter. The NAIC submits the attached memorandum of law in support of its Motion.

NATIONAL ASSOCIATION OF
INSURANCE COMMISSIONERS
By Its Attorneys,

 */s/ R. Kelly Sheridan*
R. Kelly Sheridan (#1976)
Jessica A. Shelton (#8607)
ROBERTS, CARROLL, FELDSTEIN &
PEIRCE, INC.
Ten Weybosset Street, Suite 800
Providence, RI  02903-2825
Tel:  (401) 521-7000
Fax:  (401) 521-1328
ksheridan@rcfp.com
jshelton@rcfp.com

## **CERTIFICATION**

The undersigned hereby certifies that a true copy of the within document was filed electronically with the above-captioned Court, and notices of electronic filing were sent to the following persons on December 22, 2014.

- Nicholas P. Brown, nbrown@pierceatwood.com,mjosgood@pierceatwood.com
- Richard K. Corley, rkcorley@corleyassociates.com,pabelcher@corleyassociates.com
- Brooks R. Magratten, bmagratten@pierceatwood.com, mjosgood@pierceatwood.com, mgosetti@pierceatwood.com
- Stephen A. Rodio, srodio@rodiobrown.com

There are no recipients on the manual notice list for this case.

 */s/ R. Kelly Sheridan*

RKS:JAS
5318-1 (2899805)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NEW YORK LIFE INSURANCE COMPANY

    Plaintiff,

VS.

MASSIEL ORTIZ AND JULIA KLAH

    Defendants.

C.A. NO. S 14-074/S

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE OF COURT TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF THE OBJECTION OF PLAINTIFF, NEW YORK LIFE INSURANCE COMPANY, TO THE OCTOBER 20, 2014 REPORT AND RECOMMENDATION**

The National Association of Insurance Commissioners (the "NAIC") submits this memorandum of law in support of its Motion for Leave to File an Amicus Curiae Brief in support of the Objection of Plaintiff, New York Life Insurance Company, to the Court's October 20, 2014 Report and Recommendation in the above-captioned matter.

**I. Statement of Interest**

The NAIC is the U.S. standard-setting and regulatory support organization created and governed by the chief insurance regulators from the fifty states, the District of Columbia and five U.S. territories. Through the NAIC, state insurance regulators establish standards and best practices, conduct peer review, and coordinate their regulatory oversight. Members of the NAIC, together with the central resources of the NAIC, form the national system of state-based insurance regulation in the U.S.

The purpose of the NAIC is to provide its members with a national forum enabling them to work cooperatively on regulatory matters that transcend the boundaries of their own jurisdictions. To that end, state insurance commissioners work to develop model legislation, rules, and regulations that promote and establish uniform regulatory policy.

For more than two decades, state insurance regulators have recognized the need to make improvements in many areas of state insurance regulation. One such area is speed-to-market, which focuses on making more efficient the process for filing, review and approval of insurance products. Through the NAIC, state insurance regulators sought to facilitate interstate cooperation and develop national uniform standards for the content, approval and certification of insurance products that would have the force of law in multiple states. Out of these discussions emerged the Interstate Insurance Product Regulation Compact ("Compact"), a model law and formal agreement between states.[1]

Rhode Island adopted the Compact in 2004. In so doing, Rhode Island affirmatively granted to the Interstate Insurance Product Regulation Commission (the "Commission") authority to establish the uniform standards that would govern insurance products under the Compact. Indeed, when member states agree to adopt uniform standards for products submitted to the Commission, the Compact is able to facilitate insurers conducting business by authorizing the Commission to review and approve uniform products to be issued in member states without being required to get regulatory approval of each product by each state. This mechanism lends itself to the goal of uniformity.

---

[1] The interstate compact was developed by the NAIC, which worked closely with the National Conference of State Legislatures, the National Conference of Insurance Legislators, the National Association of Attorneys General and other state officials. The current version of the Interstate Insurance Product Regulation Compact derives from adopted amendments to the model compact legislation arising from the NAIC's work and collaboration with those associations, which have since endorsed the Compact.

Like Rhode Island, 43 other jurisdictions have adopted the Compact, and the widespread adoption of the Compact directly is impacted by the issues raised in this matter. As creator and promoter of the Compact, the NAIC—and each of those jurisdictions that have adopted the compact—has a vested interest in all judicial interpretations of the Compact. Accordingly, the NAIC has a strong interest in participating in litigation involving application of the Compact and seeks to assist the Court in understanding the application of state law based on an NAIC model.

**II. Case Law and Authority**

Granting permission to amicus curiae to participate in a pending action is solely within the broad discretion of the district court. *Waste Mgmt. of Pennsylvania, Inc. v. City of York,* 162 F.R.D. 34, 36 (M.D. Pa. 1995); *Pennsylvania Environmental Defense Foundation v. Bellefonte Borough*, 718 F. Supp. 431, 434 (M.D. Pa. 1989); *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991); *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). Indeed, federal district courts possess the inherent authority to accept amicus briefs. *See In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) ("district courts have inherent authority to appoint or deny amici which is derived from Rule 29 of the Federal Rules of Appellate Procedure"); *United States v. Davis*, 180 F. Supp. 2d 797, 800 (E.D. La. 2001) (noting that district courts have authority to permit the filing of amicus briefs).

Analogously, Rule 29 of the appellate rules of procedure, "Brief of an Amicus Curiae," sets forth the procedure and standards for filing such a brief at an appellate level:

> (a) When Permitted. The United States or its officer or agency or a state may file an amicus-curiae brief without the consent of the parties or leave of court. Any other amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing.

(b) Motion for Leave to File. The motion must be accompanied by the proposed brief and state:

(1) the movant's interest; and

(2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.

Fed. R. App. P. 29.

District courts have required a similar showing. It is within a district court's discretion whether to permit the filing of an amicus brief. *See*, *e.g.*, *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 554 (E.D. Pa. 1999). A court may grant leave to appear as an amicus if the information offered is "timely and useful." *Waste Mgmt. of Pennsylvania, Inc.,* 162 F.R.D. at 36 (citing *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985), *aff'd mem.*, 782 F.2d 1033 (3rd Cir.), *cert. denied*, 476 U.S. 1141 (1986)).

The role of amici is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A. C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991).

**III. Summary of Argument**

At stake in this case is the fundamental mission of NAIC: serving the public interest and achieving important insurance regulatory goals in a responsive, efficient and cost effective manner. The interests of the NAIC are in the balance of the issues presented to the Court in this case because the legal mechanism achieved by state adoptions of the Compact streamlines the review and approval of insurance products. Because the NAIC has unique technical expertise, combined with a strong interest to express the potential regulatory and marketplace impact, the

NAIC submits that an amicus curiae brief filed on behalf of the NAIC will assist the Court in examining the issues of law before it and will aid the Court by showing the NAIC perspective on the importance and significance of the issues involved here.

Accordingly, the NAIC moves for leave to file an amicus curiae brief. The matter of law before the Court—the interest rate set forth in the life insurance policy at issue, as approved by the Interstate Insurance Product Regulation Commission—is central to the efforts and mission of the NAIC on a national level. The NAIC's legal and regulatory position, as well as its public policy perspective, will aid this Court in its examination of the issues presented here. The NAIC requests that this Court exercise its broad discretion and inherent authority and grants the NAIC's Motion.

As noted above, Rhode Island adopted the Compact and, thus, submitted to the Commission's authority on, *inter alia*, matters of interest payable on death benefits. The New York Life policy in question was approved and certified to the Commission, rendering it exclusively governed by the Commission's uniform standards. As such, those standards control. When material provisions of insurance policies, which have been approved by the Commission under state law[2], are in question, it is imperative that those provisions be governed by the Commission's uniform standards. To do otherwise would undermine a fundamental purpose of the NAIC and the Compact.

### IV. Conclusion

For each of these reasons, the NAIC respectfully requests that its Motion for Leave to File an Amicus Brief be granted.

---

[2] The Compact became Rhode Island law with the codification of R.I. Gen. Laws § 27-2.5-1 *et seq.*: the content of any insurance product approved or certified to the commission shall be exclusively governed by the rules, uniform standards, and any other requirements of the commission. *See* § 27-2.5-2.

NATIONAL ASSOCIATION OF
INSUROUS COMMISSIONERS
By Its Attorneys,

  */s/ R. Kelly Sheridan*
R. Kelly Sheridan (#1976)
Jessica A. Shelton (#8607)
ROBERTS, CARROLL, FELDSTEIN &
PEIRCE, INC.
Ten Weybosset Street, Suite 800
Providence, RI 02903-2825
Tel: (401) 521-7000
Fax: (401) 521-1328
ksheridan@rcfp.com
jshelton@rcfp.com

## **CERTIFICATION**

The undersigned hereby certifies that a true copy of the within document was filed electronically with the above-captioned Court, and notices of electronic filing were sent to the following persons on December 22, 2014.

- Nicholas P. Brown, nbrown@pierceatwood.com, mjosgood@pierceatwood.com
- Richard K. Corley, rkcorley@corleyassociates.com, pabelcher@corleyassociates.com
- Brooks R. Magratten, bmagratten@pierceatwood.com, mjosgood@pierceatwood.com, mgosetti@pierceatwood.com
- Stephen A. Rodio, srodio@rodiobrown.com

There are no recipients on the manual notice list for this case.

  */s/ R. Kelly Sheridan*

RKS:JAS
5318-1 (2899854)