UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NEW YORK LIFE INSURANCE :
COMPANY, :
      Plaintiff, :
:
    v. : C.A. No. 14-74S
:
MASSIEL ORTIZ and JULIA KLAH, :
      Defendants. :

**MEMORANDUM AND ORDER**

Before the Court for determination (28 U.S.C. § 636(b)(1)(A), DRI LR Cv 72(a)) is New York Life Insurance Company's ("New York Life") Motion for a Protective Order regarding the location of the deposition of its Rule 30(b)(6) designee. ECF No. 56. New York Life seeks to have the deposition taken in New York or, alternatively, by telephonic means. Defendant Massiel Ortiz ("Ms. Ortiz") wants the deposition to proceed as noticed in the District of Rhode Island.

The basic decisional rules that guide this Court's substantial discretion to designate the site of the Rule 30(b)(6) deposition of New York Life point with equal force to both Rhode Island and New York. See O'Neil v. Burton Grp., No. 2:09-CV-862 DBP, 2012 WL 5523819, at *2 (D. Utah Nov. 14, 2012) ("trial court has great discretion in establishing the time and place of a deposition"); 7 Moore's Federal Practice - Civil § 30.20[1][b][ii] (2015). On one hand, the party noticing the deposition usually has the right to choose the location – this principle tips towards Rhode Island. Buzzeo v. Bd. of Educ., 178 F.R.D. 390, 392 (E.D.N.Y. 1998); see O'Neil, 2012 WL 5523819, at *2. On the other, a corporation that is not a plaintiff[1] is generally

---

[1] New York Life is the original plaintiff that initiated this case in the District of Rhode Island. However, as it correctly points out, with the granting of its request for interpleader relief, its only remaining role in the case is that

deposed through its officers or agents at its principal place of business – this principle leans towards New York.  Stone v. Morton Int'l, Inc., 170 F.R.D. 498, 504 (D. Utah 1997); Zuckert v. Berkliff Corp., 96 F.R.D. 161, 162 (N.D. Ill. 1982).  To break the tie, this Court should be guided by such factors as the relative costs and business disruption of a deposition in Rhode Island by comparison with a deposition in New York, as well as the equities of the situation.  Stonebreaker v. Guardian Life Ins. Co., 820 F. Supp. 2d 1096, 1098-1100 (S.D. Cal. 2011); Rapoca Energy Co., L.P. v. Amci Exp. Corp., 199 F.R.D. 191, 193 (W.D. Va. 2001).  Important among these considerations is the stark discrepancy in the financial circumstances of Ms. Ortiz by comparison with those of New York Life.  See Turner v. Prudential Ins. Co. of Am., 119 F.R.D. 381, 384 (M.D.N.C. 1988) (disparity in financial burden is factor that favors plaintiff's choice of deposition venue); Work v. Bier, 107 F.R.D. 789, 792 n.4 (D.D.C. 1985) ("an impoverished plaintiff and a very affluent defendant" justifies changing usual rule that party seeking discovery must go where desired witness is located).  To address this consideration, New York Life has proposed that the deposition be conducted by telephone to eliminate the burden on Ms. Ortiz of requiring her attorney to travel to New York to conduct the deposition.

Applying these considerations to this case, I begin with the observation that Ms. Ortiz has propounded an eight-topic Rule 30(b)(6) notice, which may require the designation of more than one witness.  If it were a matter of two attorneys traveling to New York or one witness traveling to Rhode Island, Rhode Island would plainly be less expensive; as the number of witnesses rises, New York will emerge as the better choice.  Another important factor is the extent to which some of the Rule 30(b)(6) topics may involve testimony where the witness's credibility is at issue, making the proffered telephonic deposition less effective for Ms. Ortiz.  Yet it is also

---

of defendant on Ms. Ortiz's permissive counterclaim.  Therefore, the presumption that a plaintiff must be deposed in the forum that it chose is not applicable to the determination of the proper venue for New York Life's Rule 30(b)(6) deposition.  See Fortune Mgmt., Inc. v. Bly, 118 F.R.D. 21, 22 (D. Mass. 1987).

possible that some of the Rule 30(b)(6) topics may require that the witness has access to documents or information impossible to procure if the deposition proceeds at the office of Ms. Ortiz's counsel as set out in the notice.  See Furminator, Inc. v. Munchkin, Inc., No. 4:08CV00367 ERW, 2009 WL 1176285, at *1 (E.D. Mo. May 1, 2009) (if it is likely representatives need access to records during course of deposition, it should be held at location that reduces the possibility that additional depositions would be necessary); cf. Turner, 119 F.R.D. at 383 (cost and inconvenience of moving large amounts of documents is factor in location of deposition).

     Based on the foregoing, I grant in part and deny in part New York Life's motion for protective order.  I order that New York Life must produce one witness to testify in Rhode Island and that any other New York Life witnesses must be deposed in New York.  The depositions in New York may, at the option of Ms. Ortiz, be conducted either telephonically or in-person in New York.  I direct the parties to meet and confer regarding the identity of the individual who is to be designated on each topic so that Ms. Ortiz may select the witness who must testify in Rhode Island.  Further, if New York Life believes that access to corporate records or other New York Life employees may be necessary during the deposition and that conducting the deposition in the Rhode Island offices of its own counsel (instead of at the offices of Ms. Ortiz's attorneys) will facilitate such access, New York Life may at its option arrange for the Rhode Island-based deposition to take place at the Rhode Island offices of its legal counsel.

So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 23, 2015